# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

B&E ESCORT, INC., )
 )
    Plaintiff, )
 )
vs. ) Case No. 13-cv-794-JED-TLW
 )
SMOKEY POINT )
DISTRIBUTING, INC, )
 )
    Defendant, )

## OPINION AND ORDER

Before the Court are Defendant's Motion to Enforce Court's Order and Motion for Sanctions and Brief in Support (dkt. 27) and Supplemental Motion for Sanctions (dkt. 28). Through its motions, defendant seeks an order compelling plaintiff to provide complete initial disclosures and to produce discovery responses and requiring plaintiff to pay the fees and costs associated with filing the motions. Defendant also seeks dismissal. (Dkt. 27, 28).

Defendant filed a motion to compel on August 20, 2014, seeking an order compelling plaintiff to provide its Rule 26(a) initial disclosures and to respond to defendant's first written discovery requests. (Dkt. 21). On August 22, 2014, the Court granted the motion in part and ordered plaintiff to provide "full and complete" initial disclosures by August 29, 2014, and "full and complete responses to defendant's first set of discovery" by September 3, 2014. (Dkt. 25). The Court gave plaintiff the option to file a response to the motion to compel and have the order stricken if plaintiff believed its delay was justified or if the disclosures and responses had already been served. Id. With respect to defendant's request for fees and costs, the Court stated that "[i]f plaintiff provides full and complete initial disclosures and full and complete responses to defendant's discovery requests on or before the deadlines set forth [in the order], defendant's

request for fees and costs w[ould] be denied without prejudice pending the resolution of this case." (Dkt. 25).

In its motion to enforce, filed September 11, 2014, defendant states that plaintiff submitted deficient initial disclosures and, contrary to this Court's order, failed to respond to its discovery requests. (Dkt. 27 at 2). In its supplemental motion for sanctions, filed October 10, 2014, defendant asserts that plaintiff also failed to comply with the Court's order regarding initial disclosures and reiterates its position that defendant has not responded to its discovery requests. (Dkt. 28 at 2).

On August 27, 2014, defendant's counsel emailed plaintiff's counsel asking that he clarify plaintiff's disclosure regarding insurance coverage. (Dtk. 27, 27-1). Plaintiff's counsel responded to the email the same day, stating that the initial disclosure regarding insurance coverage met the requirements of the rule. (Dkt. 27-1). Plaintiff's counsel advised that the following day he would send a copy of the insurance policy in question and all relevant correspondence with the insurance company in order to address "the questions you have." Id. Defendant asserts that plaintiff has failed to do so and requests that the Court issue an order compelling plaintiff to respond to the discovery requests and to pay the costs associated with the filing of the motion to enforce and the previous motion to compel. Id.

In the supplemental motion for sanctions, defendant notes that plaintiff has failed to respond to the original motion to compel and the motion to enforce. Defendant specifically complains that plaintiff has not yet responded to Request for Production No. 2, which seeks various insurance policies and that plaintiff has failed to properly supplement its initial disclosures, along with missing the deadline in the scheduling order for the exchange of preliminary witness and exhibit lists. (Dkt 28). Defendant asks for the additional sanction of

request for fees and costs w[ould] be denied without prejudice pending the resolution of this case." (Dkt. 25).

In its motion to enforce, filed September 11, 2014, defendant states that plaintiff submitted deficient initial disclosures and, contrary to this Court's order, failed to respond to its discovery requests. (Dkt. 27 at 2). In its supplemental motion for sanctions, filed October 10, 2014, defendant asserts that plaintiff also failed to comply with the Court's order regarding initial disclosures and reiterates its position that defendant has not responded to its discovery requests. (Dkt. 28 at 2).

On August 27, 2014, defendant's counsel emailed plaintiff's counsel asking that he clarify plaintiff's disclosure regarding insurance coverage. (Dtk. 27, 27-1). Plaintiff's counsel responded to the email the same day, stating that the initial disclosure regarding insurance coverage met the requirements of the rule. (Dkt. 27-1). Plaintiff's counsel advised that the following day he would send a copy of the insurance policy in question and all relevant correspondence with the insurance company in order to address "the questions you have." Id. Defendant asserts that plaintiff has failed to do so and requests that the Court issue an order compelling plaintiff to respond to the discovery requests and to pay the costs associated with the filing of the motion to enforce and the previous motion to compel. Id.

In the supplemental motion for sanctions, defendant notes that plaintiff has failed to respond to the original motion to compel and the motion to enforce. Defendant specifically complains that plaintiff has not yet responded to Request for Production No. 2, which seeks various insurance policies and that plaintiff has failed to properly supplement its initial disclosures, along with missing the deadline in the scheduling order for the exchange of preliminary witness and exhibit lists. (Dkt 28). Defendant asks for the additional sanction of

dismissal of plaintiff's Complaint and Answer to the Counter-claim with prejudice. Id. As with the original motion to compel and the motion to enforce, plaintiff has failed to file a response to the supplemental motion.

The parties were scheduled to participate in a settlement conference on November 4, 2014. (Dkt. 20). At the request of the parties, the settlement conference was re-scheduled for November 25, 2014. (Dkt. 29).

The parties also requested an extension to the discovery deadline. (Dkt. 30). The initial discovery deadline set forth in the scheduling order was December 1, 2014. (Dkt. 26). The District Court Judge granted an extension through December 31, 2014. (Dkt. 32). The next day the undersigned issued a minute order stating that a ruling on the motions would be reserved until after the parties attended the settlement conference on November 25, 2014. (Dkt. 33). The following week, the settlement conference was re-scheduled again for December 11, 2014. (Dkt. 34).

In light of the looming discovery deadline and the rescheduled settlement conference, the undersigned has determined that the discovery issues raised in defendant's motions should be addressed now, rather than waiting to dispose of the motions in their entirety. Plaintiff has failed to respond to either pending motion, and the undersigned has previously ordered plaintiff to submit the initial disclosures and requested discovery responses to defendant.

Defendant's motions provide sufficient information on which to base a finding that plaintiff has failed to comply with the Court's order regarding its initial disclosures. Although plaintiff's counsel's email states that the insurance policy(ies) in question provides no coverage, plaintiff's counsel had previously advised defendant's counsel that the insurer was defending plaintiff under a reservation of rights. (Dkt. 27-1). "An insurer has a duty to defend an insured

whenever it ascertains the presence of facts that give rise to *the potential of liability* under the policy. Turley v. Fid. & Deposit Ins. Co. of Md., 928 P.2d 298, 303 (Okla. 1996) (emphasis in original) (citations omitted).[1] Federal Rule of Civil Procedure 26(a)(iv) requires initial disclosure of "any insurance agreement under which an insurance business *may be liable* to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Accordingly, plaintiff was required to provide a copy of the insurance policy as part of its initial disclosures.

Additionally, based on defendant's allegations, which have not been refuted, and the declaration of its counsel, plaintiff has not provided full and complete responses to defendant's Request for Production No. 2, which seeks copies of all insurance policies that were or remain in place for the period February 1, 2013 to the present. Plaintiff has failed to do so despite the promise of its counsel on August 27 and despite an order of this Court requiring it to do so. Thus, plaintiff is ordered to produce any documents responsive to defendant's Request for Production No. 2 on or before December 12, 2014.

The undersigned reserves ruling on the issue of fees and costs and on defendant's request for dismissal with prejudice.

Pursuant to the undersigned's previous minute order, the parties are to report the results of the settlement conference to the undersigned within one business day of the adjournment of the settlement conference.

---

[1] Oklahoma law applies in this instance because this case is based on diversity jurisdiction, and "[a] federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state." Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994). Plaintiff is an Oklahoma corporation, the Complaint alleges breach of contract, and the counter-claims are based on breach of contract claims, negligence, and equitable indemnity. Accordingly, barring some choice of law issue not yet raised by the parties and not apparent from the face of the Complaint and Counterclaim, the undersigned finds that Oklahoma law should apply.

For the reasons set forth above, defendant's motion to enforce (dkt. 27) and supplemental motion for sanctions (dkt. 28) are GRANTED IN PART. The undersigned reserves ruling on the issue of fees and dismissal.

SO ORDERED this 10th day of December, 2014.

_____
T. Lane Wilson
United States Magistrate Judge